UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EQUAL EMPLOYMENT OPPORTUNITY                                                          PLAINTIFF
COMMISSION

v.                                         No. 2:21-CV-02134

HOSPITAL HOUSEKEEPING SERVICES, LLC.                                                  DEFENDANT

## OPINION AND ORDER

Before the Court is the parties' joint motion (Doc. 16) for protective order and proposed protective order (Doc. 16-1). The parties seek protection of the following: information protected from disclosure by statute; medical records or medical information; tax, banking, and financial records; employment records or information, including medical information relating to employees or former employees who are not identified by name in the complaint; personal identity information; trade secrets; and confidential and proprietary business information the disclosure of which is likely to result in competitive harm; trade secrets; and confidential commercial information, and other sensitive or proprietary information. For the reasons set forth below, the Court will GRANT the motion and enter a revised protective order.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specific way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

1

The parties have shown good cause for the entry of a protective order as to documents containing confidential and/or proprietary information. Trade secrets and other confidential commercial information fall squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will impair neither prosecution nor the defense of the claims because the parties are in agreement as to the proposed protective order. The Court finds that good cause has been shown for the entry of a protective order regarding documents containing trade secrets or other confidential commercial information.

The proposed protective order also includes employment records or information. Courts routinely protect employee personnel files. *See Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015); *see also Nuckles v. Wal-Mart Stores, Inc.*, No. 06CV00178, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *Williams v. Bd. of Cnty. Comm'rs*, No. 98-2485, 2000 WL 133433, at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination"). The Court finds that good cause has been shown for entry of a protective order regarding documents employment records or information.

The parties have also shown good cause for the entry of a protective order as to medical records. Federal law generally prohibits the disclosure of the protected health information of third parties, but the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat. 1936 allows disclosure of this information for purposes of litigation where a protective

order is in place. *See* 45 C.F.R. § 164.512(e)(v)(A).

The Court will separately enter a revised protective order which complies with the Court's standard procedure for filing documents under seal and clarifies that only documents described in the subsections to Paragraph 2 of the protective order may be designated as "CONFIDENTIAL" under the terms of the protective order.

IT IS SO ORDERED this 7th day of July, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE