UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                           PLAINTIFF

v.                                                   No. 2:21-CV-2134

HOSPITAL HOUSEKEEPING SERVICES, LLC                                        DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Hospital Housekeeping Services, LLC's ("HHS") motion (Doc. 29) for summary judgment. The Court previously denied the motion in part as to HHS's laches defense. (Doc. 48). The Court has considered the parties' respective briefs, exhibits, and statements of facts in support of and opposing the motion. (Docs. 29–31, 38–40, 44). The Court also held a hearing on the summary judgment motion on April 17, 2023. (Doc. 51). The Court denied the summary judgment motion from the bench. This Opinion and Order summarizes the hearing and the reasons for denying the summary judgment motion.

As the Court explained in its earlier order, this case arises out of HHS's use of an Essential Function Test (EFT) to evaluate its employees' ability to perform the essential functions of their jobs. Several employees filed charges with the Equal Employment Opportunity Commission. The EEOC opened an investigation, eventually suing HHS on behalf of a class of charging parties and other former employees ("Claimants"). EEOC sued under 42 U.S.C. §§ 12112(a) and (b)(6), claiming that HHS violated the Americans with Disabilities Act by (1) using a discriminatory qualification standard and (2) discharging employees for failing to pass the EFT because of their disabilities. (Doc. 2, pp. 12–13).

On a summary judgment motion, the movant has the burden to show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R.

1

Civ. P. 56. Once the movant has met its burden, the non-movant must present specific facts showing a genuine dispute of material fact exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). For there to be a genuine dispute of material fact, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the evidence in the light most favorable to the nonmoving party. *See EEOC v. Wal-Mart Stores, Inc.*, 477 F.3d 561, 563 (8th Cir. 2007).

Viewing the evidence in the light most favorable to the EEOC, the Court concludes that genuine disputes of material fact remain on the EEOC's prima facie case and the business necessity defense. "A plaintiff seeking relief under the ADA must show (1) he is a disabled person as defined by the ADA, (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation, and (3) he suffered an adverse employment action because of his disability." *St. Martin v. City of St. Paul*, 680 F.3d 1027, 1032 (8th Cir. 2012) (citation omitted). At the hearing, the Court noted that it appeared there are significant material issues that are disputed here. Much of the discussion at the hearing focused on prong one: whether the Claimants are disabled.

The Court concludes that the EEOC has presented sufficient evidence to show there is a genuine dispute about whether the Claimants are disabled. Claimants are disabled if the EEOC can show "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The record contains deposition evidence that the EEOC contends shows the Claimants have conditions that substantially limit major life activities.

*See* Docs. 29, 38 (and accompanying exhibits).[1]  As the Court noted from the bench, the Court cannot find that no reasonable jury could return a verdict for the EEOC on the issue of the Claimants' disabilities.

There is also a genuine dispute of fact on HHS's affirmative defense.  HHS can avoid liability by showing the EFT is "job-related for the position in question and is consistent with business necessity."  42 U.S.C. § 12112(b)(6).  HHS bears the burden of proof on its defense.  *Cf. EEOC v. Wal-Mart Stores, Inc.*, 477 F.3d at 571–72 (holding that the employer bears the burden of proving direct threat "as the direct threat defense is an affirmative defense").  Moreover, "[a]n employer urging a business necessity defense must validate the test or exam in question for job-relatedness to the specific skills and physical requirements of the sought-after position." *Belk v. Sw. Bell Tel. Co.*, 194 F.3d 946, 951 (8th Cir. 1999) (citation omitted).  The parties' experts dispute whether the EFT has been validated to show job-relatedness.  *Compare* Doc. 29-14 (HHS's expert report), *with* Doc. 38-29 (EEOC expert report), *and* Doc. 38-12 (EEOC rebuttal expert report).  The experts' opinions and other record evidence show that there is a genuine dispute of material fact on the job-related and business necessity defense.

IT IS THEREFORE ORDERED that HHS's summary judgment motion is DENIED.

IT IS SO ORDERED this 25th day of April, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[1] At the hearing, HHS asked for summary judgment on two claimants because the EEOC did not mention them in its brief.  Notwithstanding that omission, the record contains evidence about both claimants.  *See* Docs. 29-5, 29-10, 38-5, 38-10.  The parties also addressed both claimants in their respective statement of facts.  *See* Docs. 31, 40.