IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | ) | |
| | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **NO. 2:21-cv-02134 PKH** |
| | ) | |
| **HOSPITAL HOUSEKEEPING SYSTEMS, LLC** | ) | |
| | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (Commission or Plaintiff) and Defendant Hospital Housekeeping Systems, LLC (HHS or Defendant) (collectively, the Parties) enter into this Consent Decree (Decree) to resolve this case.

The Commission filed this lawsuit against Defendant on August 24, 2021, under the Americans with Disabilities Act of 1990 (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991. The Commission alleged in its Complaint that Defendant used an unlawful physical abilities test, the Essential Functions Test (EFT), that screened out or tended to screen out individuals with disabilities and then terminated those employees who failed the test.

This Decree does not constitute a finding on the merits of the case. The Parties represent to the Court that each party engaged in good faith negotiations to resolve the case. The Parties reached a settlement agreement which includes entry of this Decree. The Parties consent to entry of this Decree to avoid the added expense of continued litigation of the case. The Parties also stipulate that the terms of this Decree are fair, reasonable, adequate, and serve the public interest in eradicating employment discrimination.

## DISCLAIMER

This Decree and the individual releases signed by the claimants constitute the complete and exclusive agreement between the Parties with respect to these matters. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. The Parties have made no representations or inducements to compromise this action other than those recited or referenced in this Decree. In the event the Court does not approve this Decree, the Parties agree neither of them will try to admit the Decree in evidence in this or any subsequent lawsuit.

## FINDINGS

After examining the terms of this Decree and based on the pleadings, record, and stipulations of the parties, the Court finds:

a.      This Court has jurisdiction of the subject matter of this action and the Parties.

b.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the Commission, the Defendant, and the public interest.

c.      This Decree conforms to the Federal Rules of Civil Procedure and the ADA and does not diminish the rights or privileges of any person. The entry of this Decree furthers the objectives of the ADA and appears in the best interests of the Parties and the public.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

## I.  JURISDICTION

1.  The United States District Court for the Western District of Arkansas, Fort Smith Division has jurisdiction over the Parties and the subject matter of this litigation and will retain jurisdiction over this Decree for enforcement.

2.  No Party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event HHS breaches any of the terms of this Decree.

## II.  SCOPE AND DURATION OF THIS DECREE

3.  This Decree resolves all issues and claims arising out of the Commission's Complaint, Civil Action No. 2:21-cv-02134 PKH, alleging unlawful employment practices by HHS based on Charge Nos. 846-2015-36033, 846-2016-30051, 451-2016-02851, 430-2018-00665, 541-2019-03502, 451-2019-03033, 493-2016-01500, and 511-2017-00136 filed by Rodney Roberts, Vernestine Gibbs, George Rodriguez, Kathryn Gill, Debra Parry, Joann Velasco, Andrea Yracheta, and Lilly Hollingshead. Notwithstanding any provisions contained in this Decree, this Agreement shall not be considered in any way to resolve any charges before any office of the Commission other than the charge numbers referenced above.

4.  Upon the date the Court enters the Decree, the provisions of this Decree become immediately effective and binding on the parties for three years after the effective date of this Decree.

## III.  INJUNCTIVE RELIEF

5.  Defendant, its supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert with it are enjoined from failing to provide

a reasonable accommodation to individuals with disabilities during the administration of the EFT.

6.       Defendant, its supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert with it are enjoined from taking adverse action against any employee who complains about the EFT.

7.       HHS will not terminate any employee solely based on a failed EFT.

## IV.   ACCOMMODATION FOR EMPLOYEES TAKING THE EFT AFTER RETURN FROM A MEDICAL LEAVE OF ABSENCE[1]

8.       Defendant will modify its EFT Policy for those employees it requires to take the EFT upon return from a medical leave of absence. The modifications will include the following:

a.       On the day an employee returns from a medical leave of absence, Defendant will provide the employee with a copy of the EFT.

b.       The employee and his/her supervisor will discuss the EFT.

c.       Before the test begins, the employee will be reminded of their ability to request a reasonable accommodation while performing the EFT.

9.       Prior to the administration of the test, HHS will provide examples of the types of accommodations an employee can request. The examples include, but are not limited to the following:

a.       Alternative methods of reaching the floor to clean low-lying areas.

b.       The ability to hold on to an object to steady oneself during various movements.

c.       The ability to space out some of the repetitive movements over an increased time-frame.

---

[1] Defendant's policy requiring new employees to take the EFT after Defendant has made an offer of employment remains unchanged. This Decree only pertains to employees returning from a medical leave as Defendant no longer requires the EFT on an annual basis.

10. If an employee fails the initial test, HHS will allow the employee to demonstrate that he or she can perform his or her job duties with reasonable accommodations offered. If he or she cannot demonstrate the ability to perform her job, with reasonable accommodations, he or she may be terminated.

## V. REVISIONS/MODIFICATIONS TO THE EFT

11. HHS will amend its EFT policy within 30 days of the entry of the Decree to provide instructions regarding the employee who fails the EFT.

12. Defendant will distribute the modified EFT Policy to all HHS employees subject to EFT testing within 60 days of the revisions.

a. HHS policy will include a statement from Jeff Totten indicating HHS's commitment to the ADA compliance as it relates to the use of the EFT.

b. Whenever Defendant hires a new employee, Defendant will provide a copy of the policy to the employee.

13. At the next revision of Defendant's handbook, Defendant will include the revised EFT Policy and revisions to the EFT in the newly revised handbook.

14. Upon completion of the revisions to Defendant's Handbook, Defendant may cease providing a copy of the policy to new hires.

## VI. TRAINING

15. Defendant will provide semi-annual training regarding EFT Testing and retaliation under the ADA.

16. The semi-annual training will emphasize disability discrimination to all supervisors at all of the facilities where HHS provides services using employees subject to the EFT.

17.     Defendant will conduct the initial training within 90 days after the date of the entry of this Decree.

18.     Defendant will conduct semi-annual training each year this Decree is in effect.

19.     Defendant may conduct all training remotely through its existing training portal.

20.     Defendant will continue to conduct semi-annual training on the proper administration of the EFT to all management employees who administer the EFT for the duration of the Consent Decree.

21.     HHS policy will explain that managers and supervisors will be evaluated, in part, on their enforcement of EFT policies.

22.     HHS EFT policy will explain that the failure of any member of management to report complaints or incidents of disability discrimination during the taking of the EFT could result in termination.

23.     Defendant will advise staff in writing that the semi-annual training is mandatory for all management employees who administer the EFT.

24.     Defendant will require training participation with written verification of the completion of the required training.

25.     The training will include, but not necessarily be limited to, the following:

a.      The revised EFT Policy.

b.      An explanation of the EFT changes.

c.      What constitutes retaliation in violation of the ADA and Defendant's policy prohibiting retaliation.

d.      All training will include written training verification.

26.     HHS Risk and Compliance will develop and create the training with the assistance of Team Member Resources (HHS Human Resources).  Team Member Resources will ensure the training is compliant with Federal Law and that it fulfills the requirements of Paragraph 16 of this Consent Decree.

27.     At least two weeks before the first training session(s), Defendant will notify the Commission of the date(s) and locations(s) of the training and provide a description of the training materials that Defendant intends to use.

28.     Subsequent semi-annual training will cover the topic outlined in Paragraph 16.

## VII.  MONETARY RELIEF

29.     Defendant will pay a total of $520,000 in full and final settlement of the claims brought under the Commission's Complaint by issuing a cashier's check(s) or business checks to each claimant for the amount of the payment.

30.     Within 20 days of the entry of the Decree, the Commission will provide to Defendant:

a.      The individual amounts payable to each claimant.

b.      The amount payable as compensatory damages and the amount designated as back pay to that claimant.

c.      Mailing instructions for the claimants.

31.     Within 30 days from entry of the Decree, assuming all releases have been returned, the Commission will provide the signed releases of the claimants to Defendant, an example of which is attached as Exhibit B.

32.     Within 30 days from receipt of all signed releases, Defendant will mail check(s) in the amounts designated by the Commission to the claimants. Defendant shall contemporaneously

email copies of the checks to EEOC-MEDO-decree monitoring@eeoc.gov. .

33.     Defendant will issue W-2 forms for the back pay amount, and Defendant will withhold all applicable taxes and deductions from the back pay amount.

34.     Defendant will issue 1099 forms for the remaining amount to the claimant.

35.     Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

## VIII.   RECORDKEEPING PROVISION

36.     Defendant will maintain records of any complaints of disability discrimination related to the administration and taking of the EFT. These records must include:

a.      the names;

b.      addresses;

c.      telephone numbers;

d.      social security numbers of the employee making the complaint;

e.      the date of the report or complaint;

f.      a detailed description of the allegations made;

g.      the names of any witnesses, and

h.      what actions, if any, Defendant took to resolve the complaint.

## IX.      REPORTING PROVISION

37.     Defendant will provide three annual reports to the Commission.

a.      Defendant will submit the initial report within 60 days of the first training.

b.      Defendant will submit the second annual report within 24 months of the entry of this Decree.

   c.  Defendant will submit the third annual report within 35 months of the entry of this Decree.

   d.  The Report will contain a summary of the information recorded by Defendant under Sections VI and VIII.

   e.  The Report will contain a certification by Defendant that the Notice required by the Decree for posting in Paragraph XI below, remained posted during the time period preceding the report.

   f.  Defendant shall email the reports to EEOC-MEDO-decree monitoring@eeoc.gov.

## X. MONITORING

38.  The Commission will have the right to monitor and review compliance with this Decree.

39.  Defendant will cooperate with the Commission in any review function as it relates to this Decree.

40.  The Commission will have the right to:

a.  View training material required by this Decree.

b.  Review all documents required by this Decree.

c.  Interview employees and interview management only in the presence of Defendant's counsel related to the requirements of this Decree.

## XI. NOTICE

41.  Defendant will post a 11 x 14 copy of the Notice on letterhead, using a minimum 12-point font, attached as Exhibit A at all locations which administer the EFT within 30 business days of entry of this Decree.  HHS will replace any Notice that becomes worn during the scope of this Consent Decree.

42.     Defendant will post Exhibit A in a conspicuous place upon its premises where notices to employees are customarily posted and keep a copy of the Notice attached as Exhibit A posted for three years.

## XII.  NOTIFICATION OF SUCCESSORS

43.     Defendant will provide notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, any other corporation, or other entity that acquires Defendant, and any other corporation or other entity into which Defendant may merge, or with which Defendant may consolidate.

44.     The successors, assigns, acquiring entities, and any surviving entities upon merger or consolidation will be fully liable for complying with the terms of the Decree.

45.     Defendant will provide notice to the Commission 45 days before any assignment, succession, acquisition, merger, or consolidation affecting Defendant.

## XIII.  ENFORCEMENT

46.     If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree.

47.     The Commission will provide 30 days' notice to Defendant of any deficiency in complying with the terms of this Decree.

48.     If the parties cannot reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of this Decree, the Commission will then have a right to petition the Court for relief.

## XIV.  MISCELLANEOUS PROVISIONS

49.     Plaintiff and Defendant will bear their own costs, attorney fees, and expenses in this lawsuit.

50.     If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the rest of the Decree will remain in effect.

51.     When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

52.     When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they will be emailed to EEOC-MEDO-decree monitoring@eeoc.gov.

53.      Defendant will provide to the Commission the information required in Attachment C.

**IT IS SO ORDERED** THIS ___13th___ DAY OF ___FEBRUARY___, 2024

P.K. HOLMES, III
SENIOR U.S. DISTRICT JUDGE

11

APPROVED BY THE PARTIES:

**FOR THE COMMISSION:**                    **FOR DEFENDANT:**

**KARLA GILBRIDE**                         */s/Gregg Lytle*
General Counsel                            GREGG J. LYTLE
                                           Quintairos Prieto Wood & Boyer, P.A.
**CHRISTOPHER LAGE**                       8211 E Regal Place, Suite 100
Deputy General Counsel                     Tulsa, Oklahoma 74133
                                           (918) 828-8075 -Telephone
*/s/Faye A. Williams*                      Gregg.lytle@qpwblaw.com
FAYE A. WILLIAMS
Regional Attorney                          */s/Ed Lowther*
                                           ED LOWTHER
                                           WRIGHT, LINDSEY & JENNINGS
EQUAL EMPLOYMENT OPPORTUNITY               200 West Capitol Avenue, Suite 2300
COMMISSION                                 Little Rock, AR 72201-3699
200 Jefferson Ave, Suite 1400             Telephone: (501) 371-0808
Memphis, TN 38103                          wjackson@wlj.com
Telephone (901) 685-4609
Telephone (901) 685-4606

*/s/Gary Sullivan*
GARY SULLIVAN
Assistant Regional Attorney

*/s/ Pamela B. Dixon*
PAMELA DIXON
Senior Trial Attorney

*/s/Jennifer c. Bearden*
JENNIFER C. BEARDEN
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Suite 200
Little Rock, AR 72201
Telephone (501) 900-6145
Telephone (501) 900-6158
gary.sullivan@eeoc.gov
pamela.dixon@eeoc.gov
jennifer.bearden@eeoc.gov

EXHIBIT A

## NOTICE TO ALL EMPLOYEES

HHS posts this Notice to all employees based on a Consent Decree entered into between Hospital Housekeeping Systems and the Equal Employment Opportunity Commission as part of the settlement of a lawsuit, Civil Action No. 2:21-cv-02134 PKH, filed in the United States District Court of the Western District of Arkansas, Fort Smith Division. The Consent Decree provides for the payment of money damages to former employees whom the Commission alleged Defendant subjected to disability discrimination. HHS must conduct training on the prevention of disability discrimination and submit yearly reports outlining any complaints of discrimination.

Discrimination based on disability violates the Americans with Disabilities Act.  Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, or age (40 or older) with respect to terms and conditions of employment. It is also unlawful under the ADA to retaliate against any employee who opposes a practice made unlawful under federal law or files, assists or participates in the filing of a charge of discrimination or participates in any investigation under the ADA.

HHS will not tolerate or condone disability discrimination against any employee or applicant for employment.  Disability discrimination violates company policy as well as federal law. Violation of this company policy will result in disciplinary action including termination.

If you believe you have been discriminated against in violation of federal law, you have the right to seek assistance from:

>   Equal Employment Opportunity Commission
>   Website:      www.eeoc.gov

This Notice will remain posted for three years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.


Date   _____           _____
                                  _____

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED

EXHIBIT B

## RELEASE

In consideration for $--- paid to me by Hospital Housekeeping System, I _____waive my right to recover for any claim of discharge based on disability arising under the Americans with Disabilities Act, as amended, the Americans with Disabilities Act Amendments Act,  that I had against Hospital Housekeeping System prior to the date of this release and that were included in the claims alleged in EEOC's Complaint, *Equal Employment Opportunity Commission* v. *Hospital Housekeeping System*, Civil Action No. 2:21-cv-02134 PKH, filed in the United States District Court, Western District of Arkansas, Fort Smith Division.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Memphis District Office**

1407 Union Avenue, Suite 901
Memphis, TN 38104
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Memphis Direct Dial: (901) 685-4590
FAX (901) 544-0111
Website: www.eeoc.gov

## EXHIBIT C

**EEOC's reporting requirements under Internal Revenue Code, Sections 162(f) and 6050X**

The EEOC may be required to report the fact of this settlement to the Internal Revenue Service under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service.

1. Within 10 business days of the signing of this agreement, Hospital Housekeeping Systems /Defendant Employer, (HHS) agrees to provide, through the EEOC Respondent Portal, 1) HHS's Employer's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of HHS.

2. The EEOC has made no representations regarding whether the amount paid under this settlement qualifies for the deduction under the Internal Revenue Code.

3. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.